EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| TRISHA NADEAU and ROSE CLARKSON, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ONSITE MAMMOGRAPHY, LLC d/b/a ONSITE WOMENS HEALTH,<br><br>Defendant. | Case No. 3:25-cv-11123-KAR |
| JUNE MACK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONSITE MAMMOGRAPHY, LLC d/b/a ONSITE WOMENS HEALTH,<br><br>Defendant. | Case No. 3:25-cv-30076-KAR |
| VALERIE HICKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONSITE MAMMOGRAPHY, LLC,<br><br>Defendant. | Case No. 3:25-cv-30078-KAR |

| | |
|---|---|
| CARRIE DEVERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONSITE MAMMOGRAPHY, LLC d/b/a ONSITE WOMENS HEALTH,<br><br>Defendant. | Case No. 3:25-cv-30079-KAR |
| PATRICIA NORRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONSITE MAMMOGRAPHY, LLC d/b/a ONSITE WOMENS HEALTH,<br><br>Defendant. | Case No. 3:25-cv-30080-KAR |
| THERESA CULVER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONSITE MAMMOGRAPHY, LLC d/b/a ONSITE WOMENS HEALTH,<br><br>Defendant. | Case No. 3:25-cv-30081-KAR |

2

| | |
|---|---|
| WANDA M. KLINGBAIL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>ONSITE MAMMOGRAPHY, LLC d/b/a ONSITE WOMENS HEALTH,<br><br>        Defendant. | Case No. 3:25-cv-11189-KAR |
| AMY CAPODICI, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>ONSITE MAMMOGRAPHY, LLC d/b/a ONSITE WOMENS HEALTH,<br><br>        Defendant. | Case No. 3:25-cv-30086-KAR |
| GEORGEANN ROBERTS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>ONSITE MAMMOGRAPHY, LLC d/b/a ONSITE WOMENS HEALTH,<br><br>        Defendant. | Case No. 1:25-cv-11427-RGS |

3

## ORDER OF CONSOLIDATION

This matter is before the Court on the Plaintiffs' Unopposed Motion to Consolidate nine putative class actions[1] pending in the District of Massachusetts, Western Division (ECF No. __10).[2] Each of these actions was filed against one Defendant: Onsite Mammography, LLC ("Onsite"). Each of these actions is based on the same alleged cybersecurity incident experienced by Onsite on or around October 2, 2024. Each of these actions assert the same and/or overlapping allegations and legal claims, and each seeks to represent the same and/or overlapping putative nationwide classes and subclasses of persons.

Federal Rule of Civil Procedure 42 allows district courts to consolidate actions involving common questions of law and fact. Fed. R. Civ. P. 42(a)(2). When deciding whether to consolidate, threshold issue in determining whether to consolidate cases under Rule 42(a), Fed. R. Civ. P., "is whether the two proceedings involve a common party and common issues of fact or law." *Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). "Once this determination is

---

[1]*Nadeau et al. v. Onsite Mammography, LLC*, No. 3:25-cv-11123-KAR (filed 4/25/2025); *Mack v. Onsite Mammography, LLC*, No. 3:25-cv-30076-KAR (filed 4/29/2025); *Hicks v. Onsite Mammography, LLC*, No. 3:25-cv-30078-KAR (filed 4/30/2025); *Devers v. Onsite Mammography, LLC*, No. 3:25-cv-30079-KAR (filed 4/30/2025); *Norris v. Onsite Mammography, LLC*, No. 3:25-cv-30080-KAR (filed 5/01/2025); *Culver v. Onsite Mammography, LLC*, No. 3:25-cv-30081-KAR (filed 5/01/2025); *Klingbail v. Onsite Mammography, LLC d/b/a Onsite Women's Health*, No. 3:25-cv-11189-KAR (filed 5/01/2025); *Capodici v. Onsite Mammography, LLC*, No. 3:25-cv-30086-KAR (filed 5/06/2025); and *Roberts v. Onsite Mammography, LLC*, No. 1:25-cv-11427-RGS (filed 5/20/2025).
[2] *Peck v. Onsite Mammography, LLC*, No. 3:25-cv-11213-KAR, filed on May 2, 2025, was dismissed without prejudice on June 4, 2025.

4

made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.* at 8. In considering the costs and benefits of consolidation, courts should consider and weigh the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and "any confusion, delay or prejudice that might result from consolidation." *Data General Corporation v. Grumman Systems Support Corporation*, 834 F. Supp. 477, 487 (D. Mass. 1992); *Tower of Cranes of America v. Public Service Company of New Hampshire*, 702 F. Supp. 371, 376 (D.N.H. 1988) (court weighs "savings of time and effort that consolidation would produce against any inconvenience, delay or expense that would be caused to the parties and to the Court"). So long as the Court does not find "demonstrable prejudice," consolidation is generally allowed. *See Seguro De Servicio De Salud De Puerto Rico*, 878 F.2d at 8.

These factors militate in favor of consolidation here. arise out of the same operative facts—namely the same cybersecurity incident, which Plaintiffs allege allowed a third-party's unauthorized access to an internal computer network housing sensitive data maintained by Onsite. The Related Actions assert similar causes of action, define overlapping classes, and seek similar remedies as against a common defendant. Consolidating these actions will reduce the risk of inconsistent verdicts and conserve judicial resources. The Plaintiffs also represent that within fourteen (14) days of the date of this order they will file motions to appoint interim counsel, who will in turn file a single consolidated complaint to supersede the earlier-filed complaints.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiffs' Unopposed Motion to Consolidate Actions [ECF No. __10__] is **GRANTED**. Case numbers 3:25-cv-11123-KAR, No. 3:25-cv-30076-KAR, No. 3:25-cv-30078-KAR, No. 3:25-cv-30079-KAR, No. 3:25-cv-30080-KAR, No. 3:25-cv-30081-KAR, No. 3:25-cv-11189-KAR, No. 3:25-cv-30086-KAR and No. 1:25-cv-11427-RGS are consolidated and reassigned to the lowest-numbered case, 3:25-cv-11123-KAR.

Any subsequently filed Related Case in this District, shall likewise be consolidated into the lowest-numbered case, 3:25-cv-11123-KAR. To effectuate this, Plaintiffs shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in or transferred to this District. If any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within ten (10) calendar days. If the Court determines that the case is related, the clerk shall:

a. Place a copy of this Order in the separate docket for such action;

b. Serve on Plaintiffs' counsel in the new case a copy of this Order;

c. Direct this Order to be served upon Defendant(s) in the new case; and

d. Make the appropriate entry on the Master Docket for the Consolidated Action.

**IT IS FURTHER ORDERED** that this Order of Consolidation shall be filed in each of the above-noted cases, and the Clerk of Court shall take all necessary steps to administratively close case numbers No. 3:25-cv-30076-KAR, No. 3:25-cv-30078-KAR, No. 3:25-cv-30079-KAR, No. 3:25-cv-30080-KAR, No. 3:25-cv-30081-KAR, No. 3:25-cv-11189-KAR, 3:25-cv-30086-KAR and No. 1:25-cv-11427-RGS.

**IT IS FURTHER ORDERED** that Defendant need not respond to any of the previously filed complaints in the above-captioned matters.

**IT IS FURTHER ORDERED** that no later than ~~June~~ July 1, 2025, Plaintiffs shall file with the Court any and all applications for appointment of interim class counsel pursuant to Fed. R. Civ. P. 23(g). Plaintiffs shall file a consolidated complaint within thirty (30) days of the Court's order appointing interim class counsel.

Dated:  June 16, 2025

BY THE COURT:
/s/ Katherine A. Robertson

The Honorable Katherine A. Robertson